IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:17-CV-84 |
| | § | RWS-JDL |
| v. | § | |
| | § | |
| | § | |
| ECHOSTAR CORPORATION et al., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants EchoStar Corporation and Hughes Network Systems, LLC's (collectively, "EchoStar/Hughes") Motion to Dismiss Under Rule 12(b)(3), or in the alternative, 28 U.S.C. § 1406(a), and partially dismiss under Rule 12(b)(6). (Doc. No. 28.) Realtime has filed a response. (Doc. No. 38.) EchoStar/Hughes did not file a reply by the prescribed deadline.

**BACKGROUND**

As stated in the Court's Order denying the parties' joint request for an extended briefing schedule (Doc. No. 37), this is not an isolated action for patent infringement between Realtime and EchoStar/Hughes. Realtime previously filed suit against EchoStar/Hughes in this District on May 8, 2015, asserting infringement of U.S. Patent Nos. 8,643,513, 7,415,530, 9,116,908, and 7,378,992. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:15-cv-466-RWS-JDL (E.D. Tex. May 8, 2015) *consolidated with Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463-RWS-JDL (E.D. Tex. May 8, 2015) ("*Actian* Action"). In that case, EchoStar/Hughes joined in filing two

1

Rule 12(b)(6) Motions to Dismiss on the basis that Realtime's Asserted Patents were invalid under § 101. *Actian* Action, Doc. No. 23 (Jul. 24, 2015)[1], Doc. No. 128 (Oct. 1, 2015). After the defendants' second Motion to Dismiss was denied, (*Actian* Action, Doc. No. 184 (Nov. 30, 2015), *report and recommendation adopted by* Doc. No. 226 (Jan. 21, 2016)), EchoStar/Hughes answered Realtime's Amended Complaint (*Actian* Action, Doc. No. 232 (Feb. 4, 2016)). In their Answer, EchoStar/Hughes stated, "Defendants do not contest that venue is proper in this District, but Defendants deny that this District is a convenient or appropriate venue for this action." *Id.* The consolidated defendants proceeded to file a Motion to Stay the proceedings pending *inter partes* review, which the Court denied. *Actian* Action, Doc. No. 318 (Jun. 14, 2016). EchoStar/Hughes joined in filing a second Motion to Stay pending *inter partes* review later in the case, which the Court also denied. *See Actian* Action, Doc. No. 426 (Nov. 29, 2016). The Court also held Markman proceedings in the *Actian* Action, ultimately construing a number of claim terms and denying a Motion for Partial Summary Judgment of Indefiniteness. *See Actian* Action, Doc. No. 359 (Jul. 7, 2016), Doc. No. 360 (Jul. 28, 2016), *report and recommendation adopted by* Doc. No. 416 (Nov. 1, 2016); Doc. No. 362 (Jul. 28, 2016), *objections overruled by* Doc. No. 417 (Nov. 1, 2016). In October 2016, the parties appeared before the Court for an Early Damages Expert Hearing. *Actian* Action, Doc. No. 407 (Oct. 13, 2016).

While the parties were in the midst of expert discovery, on February 14, 2017, Realtime filed the above-captioned action, asserting infringement of four new patents: U.S. Patent Nos. 8,717,204, 9,054,728, 7,358,867, and 8,502,707. (*See* Doc. No. 1.) Three days later, on the deadline for parties to file dispositive motions in the *Actian* Action (*see Actian* Action, Doc. No. 431 (Jan. 9, 2017) (amended DCO)), Realtime and EchoStar/Hughes jointly filed a Motion to

---

[1] The defendants' first Motion to Dismiss was mooted by Realtime's filing of Amended Complaints. *See, e.g.*, *Actian* Action, Doc. No. 103 (Sept. 14, 2015).

sever the 6:15-cv-466 case, re-consolidate it with the above-captioned matter, and reset all deadlines to run with the above-captioned matter. *Actian* Action, Doc. Nos. 434, 435, 439 (Feb. 17, 2017). The parties noted that they believed doing so "will conserve time and resources, and will reduce the burden on both the Court and the parties without prejudicing Realtime or delaying resolution of all matters." *Actian* Action, Doc. No. 439, at 3 (Feb. 17, 2017). The Court granted the parties' Motion. (Doc. No. 12); *see also Actian* Action, Doc. No. 447 (Feb. 23, 2017).

Although the Court granted the parties' request to sever and re-consolidate in February 2017, it was not until June 1, 2017 that EchoStar/Hughes filed any sort of response to Realtime's Complaint in the above-captioned proceeding. (Doc. No. 22.) Less than a week later, Realtime filed an Amended Complaint. (Doc. No. 23.) The Amended Complaint adds new allegations regarding venue and personal jurisdiction, a fifth patent that EchoStar/Hughes are accused of infringing (U.S. Patent No. 8,553,759), and new Defendants accused of infringing a third, new set of Realtime patents with different accused products. (*Compare id. with* Doc. No. 1.) The Amended Complaint also adds the entity EchoStar Technologies LLC to the suit and, without explanation, groups it with EchoStar Corporation. (Doc. No. 23, ¶3 ("EchoStar Corporation and EchoStar Technologies L.L.C. are hereinafter referred to as 'EchoStar.'").)

Also relevant here, the Amended Complaint accuses EchoStar/Hughes of infringing the '728 and '707 patents "directly and through inducing infringement and contributory infringement." (Doc. No. 23, at ¶¶53, 93.) The Amended Complaint only accuses EchoStar/Hughes of infringing the '204, '867, and '759 patents "directly and through inducing infringement." (*Id.* at ¶¶37, 67, 168.) Realtime also pleads that Defendants first became aware of each patent at least since the date of filing of either the original Complaint or Amended

3

Complaint. (Doc. No. 23, at ¶¶29, 44, 60, 72, 164.) With respect to willful infringement, the Complaint solely requests in the Prayer for Relief "[t]hat the damages for Defendants' infringement be increased under 35 U.S.C. § 284 to three times the amount found or assessed." (Doc. No. 23, at 85.)

EchoStar/Hughes filed the currently pending Motion on June 21, 2017. (Doc. No. 28.) EchoStar/Hughes primarily argue that venue in this District is improper. (*Id.* at 1.) They alternatively argue that Realtime's Amended Complaint should be partially dismissed under Rule 12(b)(6), specifically with respect to Realtime's willfulness and indirect infringement allegations. (*Id.* at 1–2.)

## LEGAL STANDARD

### I. Rule 12(b)(3)

Rule 12(b)(3) allows a party to challenge whether venue in a particular district is proper. On May 22, 2017, the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017), reaffirming its holding in *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957) that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." Under § 1400(b), venue is only proper (1) in the district in which the defendant resides or (2) in a district where the defendant has committed acts of infringement and has a regular and established place of business. "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the venue statute." *TC Heartland*, 137 S.Ct. at 1517. With respect to whether a defendant has a regular and established place of business, courts seek to discern "whether the corporate defendant does its business in that district through a permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

A defense of improper venue is waivable. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014); *see also* 28 U.S.C. § 1406(b) ("Nothing in th[e venue] chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). For instance, failure to raise improper venue in a responsive pleading or bring a timely motion pursuant to Rule 12(b)(3) may result in waiver of the defense. *See* Fed.R.Civ.P. 12(b), (g), (h); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RWS-RSP, 2017 WL 2651618, at *19–20 (E.D. Tex. June 20, 2017) (Report and Recommendation). Likewise, litigation conduct can result in waiver of an improper venue defense if a defendant demonstrates by its actions that it has consented to litigate in a particular venue. *See, e.g.*, *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990); *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL, slip. op., Doc. No. 316, at 6–7 (E.D. Tex. Jul. 5, 2017) (Report and Recommendation); *Infogation Corp. v. HTC Corp.*, No. 16-cv-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017).

**II.     Rule 12(b)(6)**

Rule 12(b)(6) allows a party to move for dismissal of an action for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A complaint must provide a short and plain statement of the claim showing the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). A court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" will not survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**ANALYSIS**

## I. 35 U.S.C. § 299

As a preliminary matter, EchoStar/Hughes assert that they are improperly joined with the other named Defendants in this case. The title of EchoStar/Hughes's Motion does not make any requests regarding improper joinder. Nor does the conclusion section of EchoStar/Hughes's Motion, beyond stating in a paragraph regarding improper venue that "because EchoStar/Hughes is misjoined, Realtime's Amended Complaint should be dismissed as to EchoStar/Hughes." (Doc. No. 28, at 15.) EchoStar/Hughes and Realtime each devote approximately one page of their extensive briefs to assertions about improper joinder. (*Id.* at 7–8; Doc. No. 38, at 5.)

In other words, the parties give short shrift to the issue of improper joinder. Despite this, the Court finds that Realtime has failed to plead proper joinder of EchoStar/Hughes with Dish Network Corporation, Dish Network L.L.C., Sling TV L.L.C., Sling Media, L.L.C., and Arris Group, Inc. Accused infringers may only be joined in a patent infringement case if the alleged infringement relates "to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," and "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a).

Here, a review of Plaintiff's Amended Complaint reveals that EchoStar/Hughes and EchoStar Technologies, LLC are accused of infringing one group of Realtime patents with one group of accused products (HN/HX Systems and Hughes Web Optimizer). On the other hand, Dish Network Corporation, Dish Network L.L.C., Sling TV L.L.C., Sling Media, L.L.C., and Arris Group, Inc. are accused of infringing a separate group of Realtime patents with a separate group of accused products ("streaming video products and services compliant with various versions of the H.264 video compression standard"). Because these two groups are not accused of "the making, using, importing into the United States, offering for sale, or selling of the same

accused product or process," they do not satisfy the requirements for joinder under 35 U.S.C. § 299.

Because Relatime accuses EchoStar Technologies, LLC of infringing Realtime's patents with the same accused products as EchoStar/Hughes, the Court must conduct a deeper analysis with respect to this entity. Indeed, the Court is troubled by EchoStar/Hughes's vague assertions in its witness declarations that EchoStar Technologies is simply a "different" or "separate" corporation from EchoStar Corporation and Hughes Network Systems, LLC. (*See* Doc. No. 28, Exs. 1–2.) Without more information regarding the relationship between EchoStar Technologies, LLC and EchoStar/Hughes, and viewing the facts in the Amended Complaint in the light most favorable to Realtime, the Court finds that EchoStar/Hughes have failed to set forth sufficient facts showing that they are improperly joined with EchoStar Technologies, LLC at this time.

## II.     Rule 12(b)(3)

EchoStar/Hughes argue that venue in this District is improper because they neither reside nor have a regular and established place of business in the District. (Doc. No. 28, at 1.) Realtime responds to EchoStar/Hughes's assertions on the merits, arguing that contrary to EchoStar/Hughes' assertions, EchoStar/Hughes do have a regular and established place of business in this District. (Doc. No. 38, at 5–9.)

Realtime fails to address the impact of the *Actian* Action on the analysis, and specifically fails to discuss whether EchoStar/Hughes's conduct in the *Actian* Action constituted a waiver of the defense of improper venue that applies in this case. Indeed, the only reference to the *Actian* Action appears in the background section of EchoStar/Hughes's brief, which states, "Realtime and EchoStar/Hughes agreed to sever and consolidate proceedings from 6:15-cv-463 into this

7

case, and 6:15-cv-466 was terminated." (Doc. No. 28, at 3.) Although the 6:15-cv-466 matter was technically "terminated", the Court's Order granting the parties' Joint Motion to Sever and Re-Consolidate effectively stayed the proceedings with respect to the patents asserted in that case such that those patents could be tried at the same time as the patents asserted for the first time in this case. (*See* Doc. No. 12; Doc. No. 28, at 3 n.2 (recognizing same).) EchoStar/Hughes's conduct in the *Actian* Action thus becomes relevant to the Court's Rule 12(b)(3) determination here. *See Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017).

In reviewing that conduct, in the two years EchoStar/Hughes litigated in the *Actian* Action, EchoStar/Hughes never challenged venue as improper. Instead, EchoStar/Hughes actively litigated by serving invalidity contentions, filing two motions to stay, filing two motions for judgment on the pleadings, participating in claim construction, participating in an early damages hearing, and exchanging expert reports. Indeed, EchoStar/Hughes participated in litigating a Rule 12(b)(6) Motion asserting that Realtime's patents were invalid under § 101 and ultimately admitted that venue was proper in their answer. *See* Fed.R.Civ.P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). EchoStar/Hughes thus clearly waived their defense of improper venue both under the requirements of Rule 12(b) and 12(g) and through their course of conduct in litigation. *Infogation Corp.*, 2017 WL 2869717, at *3; *see also Tinnus Enterprises*, No. 6:15-cv-551-RC-JDL, slip. op., Doc. No. 316, at 6–7; *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017).

Both EchoStar/Hughes and Realtime set forth their arguments as if the 6:15-cv-466 case is a totally isolated action from the case at hand. However, the parties jointly represented to this Court that consolidating the -466 action with this case "will conserve time and resources, and will reduce the burden on both the Court and the parties without prejudicing Realtime or delaying resolution of all matters." *Actian* Action, Doc. No. 439, at 3 (Feb. 17, 2017). Dismissing Realtime's entire consolidated action against EchoStar/Hughes would have the opposite effect: it would be a waste of judicial and party resources, ultimately requiring another court to start from scratch with respect to *all* of Realtime's claims against EchoStar/Hughes despite years of litigation in this District. *Chamberlain Group, Inc. v. Techtronic Industries Co. et al.*, No. 1:16-cv-6097, slip. op., Doc. No. 407, at 3 (N.D. Ill. June 28, 2017) ("[T]here is no universe in which transferring venue in this case would further judicial economy."); *see also Infogation Corp.*, 2017 WL 2869717, at *3 n.2. Realtime and EchoStar could have separately litigated the -466 case from the case at hand. Instead, the parties made the conscious decision, on the eve of trial, to combine these two cases, all the while making representations to the Court regarding the judicial economy of doing so. Although EchoStar/Hughes have not yet filed an answer with respect to the patents asserted in this matter, through their decision to consolidate all of their previous -466 litigation into this case, they have "waived their improper venue defense as to the consolidated action as a whole and as to the [above-captioned] patent action specifically." *See Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017).

EchoStar/Hughes also alternatively move to transfer under § 1406 to the District of Maryland. However, because EchoStar/Hughes have waived their objection to venue, the Court need not address their request pursuant to § 1406. *See* § 1406(b) ("Nothing in this chapter shall

9

impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue."); *Elbit Sys. Land & C41 Ltd.*, 2017 WL 2651618, at *21 (citing *In re Vitamins Antitrust Litig.*, 263 F. Supp. 2d 67, 68 n.1 (D.D.C. 2003)).

### III.   Rule 12(b)(6)

EchoStar/Hughes submit two alternative arguments for partial dismissal of Realtime's Amended Complaint pursuant to Rule 12(b)(6).  First, EchoStar/Hughes argue that Realtime has failed to state a claim for willful infringement because the sole reference to willful infringement in the Amended Complaint is in the Prayer for Relief, which prays "[t]hat the damages for Defendants' infringement be increased under 35 U.S.C. § 284 to three times the amount found or assessed." (Doc. No. 28, at 1.)  Second, with respect to indirect infringement, EchoStar/Hughes argues that the Amended Complaint only alleges knowledge of the Asserted Patents as of the filing of either the original or Amended Complaint. (*Id.* at 2.)  Thus, EchoStar/Hughes argue, the Court should dismiss Realtime's pre-suit indirect infringement allegations in so far as Realtime has alleged indirect infringement generally. (*Id.*)

With respect to its willful infringement allegation, Realtime responds that "Post-filing conduct—by definition—cannot be included in a complaint. Accordingly, EchoStar/Hughes' argument that treble damages allegation should be dismissed at this point is premature and should be rejected." (Doc. No. 38, at 9.)  With respect to indirect infringement, Realtime argues that "EchoStar/Hughes' request for dismissal of pre-filing indirect infringement amounts to a summary judgment at the pleadings stage. The amended complaint sufficiently alleges indirect infringement, and the Court should not prematurely dismiss a portion of a properly pled indirect infringement allegations without opportunity for Realtime to take discovery." (*Id.* at 10.)

Realtime has failed to set forth sufficient factual allegations in its Amended Complaint to support an allegation of willful infringement. "At the pleading stage, a plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk .... Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement, but the complaint must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention of the defendants." *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RWS-RSP, 2016 WL 3878246, at *1 (E.D. Tex. Mar. 30, 2016) (quoting *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012)). There are not sufficient well-pleaded facts in the Amended Complaint to give rise to a plausible inference that EchoStar/Hughes acted—or will in the future act—recklessly despite an objectively high risk of infringement. In these circumstances, a solitary request for treble damages under § 284 in the Prayer for Relief is insufficient to give rise to a plausible claim of willful infringement.

With respect to indirect infringement, Realtime does not appear to dispute that the Amended Complaint solely alleges post-suit knowledge of the asserted patents. Rather, Realtime twists the issue and proposes that rather than dismissing allegations of pre-suit indirect infringement from the Amended Complaint at this time, Realtime should have the opportunity to take discovery to support some as-of-yet undisclosed theory for pre-suit indirect infringement. Realtime's argument is again unpersuasive. If Realtime ultimately uncovers facts supporting a theory that EchoStar/Hughes had pre-suit knowledge of the asserted patents, it may seek leave to amend its complaint to set forth those factual assertions. At this time, however, Realtime has not provided any factual basis for such a claim, and instead solely alleges knowledge of the patents at least as of the time of filing either the original Complaint or Amended Complaint. *See*

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384, 2014 WL 12378807, at *2 (E.D. Tex. Mar. 5, 2014), *report and recommendation adopted*, 2014 WL 12482615 ("Norman has only sufficiently pled post-suit knowledge . . . Accordingly, [the] Motion [to Dismiss] is GRANTED as to pre-suit knowledge only.")

## CONCLUSION

Accordingly, the Court **SEVERS** Realtime's claims against EchoStar/Hughes and EchoStar Technologies, LLC from Realtime's claims against Dish Network Corporation, Dish Network L.L.C., Sling TV L.L.C., Sling Media, L.L.C., and Arris Group, Inc. The Court directs the Clerk's Office to open a new case with respect to Realtime's Amended Complaint (Doc. No. 23) against Dish Network Corporation, Dish Network L.L.C., Sling TV L.L.C., Sling Media, L.L.C., and Arris Group, Inc. and terminate those parties from the above-captioned action. Realtime shall pay the filing fee in the severed case by **July 25, 2017**.

The Court further **RECOMMENDS** that EchoStar/Hughes's Motion to Dismiss Under Rule 12(b)(3), or in the alternative, 28 U.S.C. § 1406(a), and partially dismiss under Rule 12(b)(6) (Doc. No. 28) be **DENIED-IN-PART** and **GRANTED-IN-PART**. Specifically, the Court **RECOMMENDS** that EchoStar/Hughes's Motion to Dismiss for Improper Venue be **DENIED** and **RECOMMENDS** that EchoStar/Hughes's Request for partial dismissal under Rule 12(b)(6) be **GRANTED** such that Realtime's claims of willful infringement and pre-suit indirect infringement are **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this Report. A Party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that

party from *de novo* review by the district judge of those findings, conclusion, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        **So ORDERED and SIGNED this 19th day of July, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE