IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:17-CV-84 |
| | § | RWS-JDL |
| v. | § | |
| | § | |
| | § | |
| ECHOSTAR CORPORATION et al., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 42), recommending denying-in-part and granting-in-part Defendants EchoStar Corporation and Hughes Network Systems, LLC's (collectively, "EchoStar/Hughes") Motion to Dismiss Under Rule 12(b)(3), or in the alternative, 28 U.S.C. § 1406(a), and partially dismiss under Rule 12(b)(6) (Docket No. 28) has been presented for consideration. Specifically, the Magistrate Judge recommended that EchoStar/Hughes's Motion to Dismiss for Improper Venue be denied and that EchoStar/Hughes's Request for partial dismissal under Rule 12(b)(6) be granted such that Realtime's claims of willful infringement and pre-suit indirect infringement are dismissed without prejudice. The Magistrate Judge also severed Realtime's claims against various other Defendants from Realtime's claims against EchoStar/Hughes, but declined to sever Realtime's claims with respect to EchoStar Technologies, LLC from Realtime's claims against EchoStar/Hughes. *See* Docket No. 42 at 6–7.

EchoStar/Hughes filed objections to the Report and Recommendation.  Docket No. 43.

In their objections, EchoStar/Hughes argue that 1) the Magistrate Judge should have severed EchoStar/Hughes from EchoStar Technologies, LLC; 2) the Magistrate Judge should have evaluated the above-captioned matter separate from another action that has been consolidated with this matter; 3) *TC Heartland* was an intervening change in law, and thus an improper venue defense was not previously available to EchoStar/Hughes; and 4) the burden to establish proper venue is on the Plaintiff, and the Magistrate Judge erred by failing to hold Realtime to that burden.

Neither EchoStar/Hughes nor Realtime have objected to the Magistrate Judge's findings regarding EchoStar/Hughes's request for partial dismissal under Rule 12(b)(6).  Upon reviewing the evidence of record and the Magistrate Judge's recommendations, the Court agrees with the Magistrate Judge's findings and accordingly **ADOPTS** those portions of the Magistrate Judge's Report and Recommendation finding that Realtime's claims of willful infringement and pre-suit indirect infringement should be dismissed without prejudice.  *See* Docket No. 42 at 10–12.

EchoStar/Hughes' first objection relates to the Magistrate Judge's determinations with respect to improper joinder.  Docket No. 43 at 1–2.  These determinations are reviewed for clear error.  *See* 28 U.S.C. § 636 (b)(1)(A).  EchoStar/Hughes argue that Realtime's claims against EchoStar/Hughes should be severed from Realtime's claims against EchoStar Technologies, LLC because EchoStar/Hughes and EchoStart Technolgies, LLC are "unrelated."  Docket No. 43 at 1.  As the Magistrate Judge explained, "[a]ccused infringers may only be joined in a patent infringement case if the alleged infringement relates 'to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process,' and 'questions of fact common to all defendants or counterclaim defendants will arise in the action.'"

EchoStar/Hughes filed objections to the Report and Recommendation.  Docket No. 43.

In their objections, EchoStar/Hughes argue that 1) the Magistrate Judge should have severed EchoStar/Hughes from EchoStar Technologies, LLC; 2) the Magistrate Judge should have evaluated the above-captioned matter separate from another action that has been consolidated with this matter; 3) *TC Heartland* was an intervening change in law, and thus an improper venue defense was not previously available to EchoStar/Hughes; and 4) the burden to establish proper venue is on the Plaintiff, and the Magistrate Judge erred by failing to hold Realtime to that burden.

Neither EchoStar/Hughes nor Realtime have objected to the Magistrate Judge's findings regarding EchoStar/Hughes's request for partial dismissal under Rule 12(b)(6).  Upon reviewing the evidence of record and the Magistrate Judge's recommendations, the Court agrees with the Magistrate Judge's findings and accordingly **ADOPTS** those portions of the Magistrate Judge's Report and Recommendation finding that Realtime's claims of willful infringement and pre-suit indirect infringement should be dismissed without prejudice.  *See* Docket No. 42 at 10–12.

EchoStar/Hughes' first objection relates to the Magistrate Judge's determinations with respect to improper joinder.  Docket No. 43 at 1–2.  These determinations are reviewed for clear error.  *See* 28 U.S.C. § 636 (b)(1)(A).  EchoStar/Hughes argue that Realtime's claims against EchoStar/Hughes should be severed from Realtime's claims against EchoStar Technologies, LLC because EchoStar/Hughes and EchoStart Technolgies, LLC are "unrelated."  Docket No. 43 at 1.  As the Magistrate Judge explained, "[a]ccused infringers may only be joined in a patent infringement case if the alleged infringement relates 'to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process,' and 'questions of fact common to all defendants or counterclaim defendants will arise in the action.'"

Docket No. 42 at 6 (citing 35 U.S.C. § 299(a)). "Realtime accuses EchoStar Technologies, LLC of infringing Realtime's patents with the same accused products as EchoStar/Hughes." *Id.* at 7; *see also* Docket No. 23. Specfically, Realtime's Amended Complaint groups EchoStar Technolgies, LLC with EchoStar Corporation and proceeds to allege patent infringement of the same patents by the same accused products with respect to both entities. Docket No. 23, ¶3. Whether or not EchoStar/Hughes are "unrelated" corporate entities from EchoStar Technologies, LLC is beside the point. EchoStar/Hughes fail to present any evidence to rebut Realtime's allegations that EchoStar/Hughes and EchoStar Technologies, LLC make, use, import into the United States, offer for sale, or sell the same accused products or processes. Nor do EchoStar/Hughes argue that there is an absence of questions of fact common to these defendants that will arise in this action. The Magistrate Judge thus did not err in denying severance with respect to EchoStar/Hughes and EchoStar Technologies, LLC. EchoStar/Hughes' objection is **OVERRULED**.

EchoStar/Hughes' remaining objections relate to the Magistrate Judge's findings with respect to EchoStar/Hughes' Motion to Dismiss under Rule 12(b)(3). These findings and conclusions are reviewed *de novo*. 28 U.S.C. § 636 (b)(1)(B)-(C).

EchoStar/Hughes argue that the Magistrate Judge erred by considering EchoStar/Hughes' actions in the *Actian* Action in evaluating EchoStar/Hughes' improper venue defense in this matter. Docket No. 43 at 2–3. EchoStar/Hughes litigated against Realtime in the *Actian* Action through expert discovery without making any objections to venue. *See* Docket No. 42 at 1–3; *Realtime Data LLC v. EchoStar Corp.*, No. 6:15-cv-466-RWS-JDL (E.D. Tex. May 8, 2015) *consolidated with Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463-RWS-JDL (E.D. Tex. May 8, 2015) ("*Actian* Action"). On the deadline to file dispositive motions in that case,

Realtime and EchoStar/Hughes jointly filed a Motion to sever the 6:15-cv-466 case, reconsolidate it with the above-captioned matter, and reset all deadlines to run with the above-captioned matter. *Actian* Action, Docket Nos. 434, 435, 439 (Feb. 17, 2017). The Court granted the parties' Motion. Docket No. 12.

EchoStar/Hughes argue that they are solely seeking to transfer venue with respect to Realtime's allegations in the above-captioned matter "rather than the entire consolidated action." Docket No. 43 at 4. EchoStar/Hughes argue that the Magistrate Judge's determination "improperly merges the separate actions." Docket No. 43 at 3 (citing *Bordas v. Marquette Transp. Co. Gulf-Inland LLC*, No. 2:14-cv-163, 2016 WL 2625064, at *1 (S.D. Tex. May 9, 2016) (quoting *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993)); *see also Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2nd Cir. 1977); *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 113 (1st Cir. 1990)). EchoStar/Hughes do not explain how they intend to proceed with respect to Realtime's pending claims from the *Actian* Action, which have now been effectively stayed for almost six months. Nor do they respond to the Magistrate Judge's observation that "the parties made the conscious decision, on the eve of trial, to combine these two cases, all the while making representations to the Court regarding the judicial economy of doing so." Docket No. 42 at 9. The Court does not dispute the proposition in EchoStar/Hughes' cited cases that consolidation does not merge separate suits or alter their individual character. However, none of these cases stand for the proposition that a party can willingly litigate claims in a particular forum for over a year, seek to stay and reconsolidate those claims with a later-filed case for the sake of "judicial economy", yet avoid waiving an objection to litigate in the forum for improper venue with respect to the later-filed case. EchoStar/Hughes' objection is **OVERRULED**.

EchoStar/Hughes also object that *TC Heartland* was an intervening change in law "merely to preserve this waiver issue in light of cases raising this issue with the Court of Appelas for the Federal Circuit." Docket No. 43 at 5. The Court agrees with the district court decisions that have concluded that *TC Heartland* was not an intervening change in the law. *See iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) (". . . *TC Heartland* does not qualify as an intervening change in law."); *In re Nintendo of America Inc.*, No. 2017-127, Slip. Op., Doc. No. 30, at 3 (Fed. Cir. July 26, 2017) (petition for writ of mandamus denied); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) *report and recommendation adopted by* Doc. No. 430 (July 19, 2017) ("The Court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify"); *In re Hughes Network Sys., LLC*, No. 2017-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) (petition for writ of mandamus denied); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *In re Sea Ray Boats, Inc.*, Case No. 2017-124, Dkt. 15, Slip Op. at 2 (Fed. Cir. June 9, 2017) (petition for writ of mandamus denied); *Chamberlain Group, Inc. v. Techtronic Indus. Co.*, No. 16 C 6097, 2017 WL 3205772, at *2 (N.D. Ill. June 28, 2017) ("the Court follows *Elbit* and *Cobalt Boats* . . . in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."); *In re Techtronic Indus. North America, Inc. et al.*, No. 2017-125, Slip. Op., Doc. No. 25, at 3 (Fed. Cir. July 25, 2017) (petition for writ of mandamus denied); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D.

Tex. July 11, 2017) ("[B]ecause *TC Heartland* does not qualify as an intervening change of law, this waiver is not excused."); *Orthosie Sys., LLC v. Synovia Solutions, LLC*, No. 4:16-CV-00995, 2017 WL 3244244, at *3 (E.D. Tex. July 31, 2017); *Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-113, Slip. Op., Doc. No. 113, at 6 (S.D. Tex. July 26, 2017); *Skyhawke Techs., LLC v. DECA Int'l Corp. et al.*, No. 3:10-CV-708T-SL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017); *Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, Slip. Op., Doc. No. 215, at 10 (D. Del. July 19, 2017); *Fox Factory, Inc., v. SRAM, LLC*, No. 3:16-cv-506-WHO, Slip. Op., Doc. No. 72, at 5 (N.D. Cal. July 18, 2017); *Reebok Int'l Ltd., et al. v. TRB Acquisitions LLC, et al.*, No. 3:16-CV-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) ("the defense of improper venue was not 'unavailable' to Defendants before the Supreme Court issued its decision in *TC Heartland*."); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Supreme Court's decision in *TC Heartland* does not excuse Defendants' waiver as to venue in this District."); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("defendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect."). EchoStar/Hughes' objection is **OVERRULED**.

EchoStar/Hughes also argue that the burden to establish proper venue is on the plaintiff in order "to preserve this issue pending possible consideration by the Court of Appeals for the Federal Circuit." Docket No. 43 at 5. Because the Court finds that EchoStar/Hughes waived their improper venue defense, it is not necessary to address this argument. EchoStar/Hughes' objection is **OVERRULED**.

Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are

**OVERRULED** and EchoStar/Hughes's Motion (Docket No. 28) is **DENIED-IN-PART** and **GRANTED-IN-PART**. Specifically, the Court **DENIES** EchoStar/Hughes's Motion to Dismiss for Improper Venue and **GRANTS** EchoStar/Hughes's Request for partial dismissal under Rule 12(b)(6). Realtime's claims of willful infringement and pre-suit indirect infringement are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 21st day of August, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE